

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 1, 1975

The Honorable Tully Shahan
County Attorney
Kinney County
Brackettville, Texas 78832

Opinion No. H- 572

Re: Authority of a county to
lower the salary of a justice
of the peace.

Dear Mr. Shahan:

You have requested our opinion regarding the authority of a
county to lower the salary of a justice of the peace. You state that,
at the general election of 1970, a justice of the peace was elected to serve
a four-year term from precinct 1 of Kinney County, but that the justice
of the peace positions for the other three precincts were left vacant. In
October 1971, the county was redistricted pursuant to article 5, section
18 of the Texas Constitution. The justice of the peace for the old pre-
cinct 1 continued to serve in that capacity in the redistricted precinct.
At the 1972 general election, justices of the peace were elected to two-
year terms from precincts 2 and 4. At the 1974 general election, the
precinct 1 justice of the peace was elected to the precinct 2 position,
and another individual was elected for precinct 1. You ask whether the
county will be required to pay the new justice of the peace for precinct
1 the same salary as was paid to the previous occupant of that office.

Article 3912k, V.T.C.S. provides in section 1:

> Except as otherwise provided by this Act and
> subject to the limitations of this Act, the com-
> missioners court of each county shall fix the
> amount of compensation, office expense, travel
> expense, and all other allowances for county and
> precinct officials and employees who are paid
> wholly from county funds, but in no event shall
> such salaries be set lower than they exist at the
> effective date of this Act.

The effective date of article 3912k was January 1, 1972. That article was amended to include justices of the peace by Acts 1973, 63rd Leg., ch. 188, p.423. This statute was effective May 25, 1973. On both January 1, 1972 and on May 25, 1973, the salary of the justice of the peace from precinct 1 was $5880 per annum. The county has not been redistricted since those dates. It would therefore seem obvious that the new justice of the peace must be paid a minimum annual salary of $5880, although it has been argued that section 9 of article 3912i might permit a different result.

Section 8 of article 3912k provides:

> To the extent that any local, special, or general law, including Acts of the 62nd Legislature, Regular Session, 1971, prescribes the compensation, office expense, travel expense, or any other allowance for any official or employee covered by this Act, that law is repealed.

Since article 3912k was enacted subsequent to section 9 of article 3912i, the repealer clause of article 3912k must be deemed to take precedence over that part of section 9 which permits counties to increase the salaries of justices of the peace in counties where "the number of Justices of the Peace holding office and performing the duties of such office is less than the maximum number of Justices of the Peace authorized by the Constitution of Texas." See Attorney General Opinion H-35 (1973). Thus, the salary of the justice of the peace for precinct 1 was $5880 on January 1, 1972, and on May 25, 1973, without regard to the salary-augmentation provisions of section 9 of article 3912i. Accordingly, it is our opinion that, by virtue of section 1 of article 3912k, which prohibits salaries lower than their level the effective date of the statute, any future occupant of the position of justice of the peace, precinct 1, must be paid a minimum annual salary of $5880.

## SUMMARY

A county may not lower the salary of a justice

of the peace below its level as of the date
upon which article 3912k became applicable
to justices of the peace.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg